IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., | * * * * |
| Plaintiff, | * * |
| v. | * Civil Case No.: SAG-22-00737 * |
| SAUNDRA BROOKE, | * * |
| Defendant. | * * * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Saundra Brooke ("Defendant") filed a notice of removal in the District Court for Worcester County, Maryland seeking to remove a replevin action in which a Writ of Possession has been granted to Plaintiff Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"). ECF 1. Vanderbilt has now filed a motion for remand, arguing that the case was improperly removed to federal court. ECF 8. Defendant has opposed the motion. ECF 13. After reviewing the filings, this Court has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Vanderbilt's motion will be granted and the case will be remanded to state court.

**I.    Factual Background**

On September 24, 2019, Vanderbilt filed a complaint/application and affidavit in support of judgment in the District Court of Maryland for Worcester County, seeking judgment against Defendant. ECF 9-1. Defendant filed a notice of intent to defend in state court on October 17, 2019. *See* ECF 8-1. The court granted Vanderbilt's request for judgment of possession on December 30, 2021, and issued a writ of possession on February 16, 2022. *Id.* When Vanderbilt

went to pick up the disputed property pursuant to the writ of possession, Defendant filed the notice of removal on or about March 22, 2022.

**II.    Analysis**

Initially, this Court finds no basis on which the existing state court case can be properly removed. Because no counterclaim was ever filed, the sole claim in the state court proceeding is Vanderbilt's replevin claim. Thus, despite Defendant's cursory invocation of a number of federal statutes such as the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act, ECF 1, no such federal claims were presented in the state court proceeding. Even assuming, then, that Defendant wishes to use those statutes to defend against Vanderbilt's state law claim, "merely having a federal defense to a state law claim is insufficient to support removal." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (emphasis in original). In order to remove a case under federal question jurisdiction, the federal question "must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936), quoted in *Lontz*, 413 F.3d at 439. No federal question is presented by Vanderbilt's state law claim. This Court similarly lacks diversity jurisdiction over the state court case because the total amount Vanderbilt sought in that case amounted to only $37,040.21. Removal is therefore improper.

Additionally, however, Defendant's notice of removal was filed far after the deadline permitted by 28 U.S.C. § 1446(b). That statute requires that the notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* As

noted above, Vanderbilt's state court complaint was filed in September, 2019 and served sometime before Defendant filed a notice of intent to defend on October 17, 2019. Thus, Defendant's notice of removal, filed in March, 2022, is years too late. This Court therefore need not reach Vanderbilt's alternative argument that the case is also barred by the *Rooker-Feldman* doctrine.

## III.   Conclusion

For the reasons set forth above, Vanderbilt's Motion to Remand, ECF 8, shall be granted, the case shall be remanded to state court, and this federal case shall be closed. A separate Order follows.

Dated: June 10, 2022             /s/
                                 Stephanie A. Gallagher
                                 United States District Judge